THE PEOPLE, Defendants in Error, *v.* AARON M. DAVIS, Plaintiff in Error.

For the purposes of criminal jurisdiction, an offense is committed on the bound-ary between adjacent counties if perpetrated within five hundred yards of the boundary line.

Under existing laws, the commissioners of excise cannot license the sale of spirituous liquor by a non-resident of the town.

THE defendant was convicted at the Yates county sessions of a breach of the "Act to suppress intemperance, and to regulate the sale of intoxicating liquors." (Laws of 1857, ch. 628.)

The offense charged was the unlawful sale of liquor, in quantities less than five gallons. In the first three counts it was alleged that the crime was committed at the town of Romulus, in the county of Seneca, and on the boundary of the counties of Seneca and Yates, and within five hundred yards of such boundary. In the fourth count, the offense was alleged to have been committed in the town of Torrey, and county of Yates.

On the trial it was proved that liquor was thus sold by the defendant, at a store-house kept by him in the town of Romulus, within twenty yards of the boundary line of the town of Torrey, which is the boundary line between the counties of Seneca and Yates. The defendant moved for his discharge, or the direction of a verdict in his favor, on the ground of variance between the proof and the allegation. The motion was denied and the defendant excepted.

The defendant proved that he had received a license from the commissioners of excise, authorizing him to keep a hotel

in the town of Romulus, and to sell liquor to be drank on his premises. In answer to this evidence, it was shown that when he applied for the license and obtained it, he was not a resident of the town of Romulus, but resided in Yates county. The court held that the license was no protection, and the defendant was convicted, and the conviction affirmed at the General Term.

*A. V. Harpending* and *Charles S. Baker*, for the plaintiff in error.

*John D. Wolcott*, district attorney of Yates, for the defendant in error.

PORTER, J. The offense charged was local; but there was no misdescription of the place at which it was committed. The sales were at the defendant's store-house in Romulus, and within twenty yards of the county line. For the purposes of criminal jurisdiction, an offense is committed on the boundary between two adjacent counties, if perpetrated within five hundred yards of the boundary line. (2 R. S., 727, § 45.)

The district attorney was properly permitted to prove that the defendant was not a resident of the town in which he obtained his license. The commissioners of excise had no authority to sanction the sale of liquor in the town of Romulus, except by residents of that town. (Laws of 1857, ch. 628, § 2.) They could not acquire jurisdiction over non-residents by their own act in asserting it; nor could the defendant enlarge their statutory powers by falsely claiming that he was a resident.

There was no error in permitting the jury to render a general verdict. Each of the counts was good, and each charged substantially the same offense; the variations being limited to the time and place of its commission.

The judgment should be affirmed, and the record should be remitted, with directions for the execution of the sentence.

All the judges concurring,

Judgment affirmed.