THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. SEYMOUR BATES, APPELLANT.

*Court of Special Sessions — its jurisdiction is limited to offenses committed within the
county — Code of Criminal Procedure, secs.* 56, 62, 135 *and* 147.

The defendant, a resident of the town of Ulysses, Tompkins county, having
procured a license from the commissioners of the town of Covert, Seneca
county, sold liquors thereunder at a place in the latter town and county, within
fifty feet of the line of Tompkins county. He was arrested upon a warrant
issued by a justice of the peace of the town of Ulysses for a violation of the
provisions of the excise law, and convicted of that offense by a Court of Special
Sessions held by the said justice.
*Held,* that the court had no jurisdiction over the offense as it was not committed
within the county of Tompkins.
That jurisdiction to try the offense was not conferred by section 135 of the Code
of Criminal Procedure, providing that "when a crime is committed on the
boundary of two or more counties, or within five hundred yards thereof,
the jurisdiction is in either county," as that section did not relate to Courts of
Special Sessions or to magistrates holding such courts.

APPEAL from a judgment of the Court of Sessions of Tompkins
county, modifying a judgment rendered by a Court of Special
Sessions.

The defendant was arrested on a warrant issued by a justice of
the peace of the town of Ulysses, Tompkins county, charged with
having sold liquors in the town of Covert, in Seneca county, and
within fifty feet of the county line of Tompkins county.

The defendant was not a resident of the town of Covert, but resided
in the town of Ulysses. A license to sell liquors in quantities less
than five gallons, not to be drunk on the premises, viz., a store
keeper's license had been granted to him by the excise commissioners
of the town of Covert. The defendant sold liquors in quantities
less than five gallons, but not to be drunk on the premises. He sold
no liquors within the county of Tompkins.

*J. D. Smith,* for the appellant.

*C. L. Smith,* district attorney, for the people, respondent.

HARDIN, P. J.:

Emory was a justice of the peace of the county of Tompkins, who issued on the 4th day of July, 1885, the warrant upon which the defendant was arrested and brought before him.

According to section 147 of the Code of Criminal Procedure he was a magistrate, and by section 62 of the Code of Criminal Procedure he was authorized to hold a Court of Special Sessions. Courts of Special Sessions have such jurisdiction as is conferred upon them by section 56 of the Code of Criminal Procedure, "to hear and determine charges of misdemeanors committed within the respective counties as follows." The language just quoted seems to limit the jurisdiction to crimes committed within the county where the magistrate is authorized to hold a Court of Special Sessions.

Subdivision 32, as amended May 28, 1884, allows such Courts of Special Sessions jurisdiction, viz.: "When a complaint is made to or a warrant is issued by a committing magistrate for a violation of the laws relating to excise and the regulation of taverns, inns and hotels * * *."

No provision of law has been cited to us nor a word found which confers jurisdiction upon a justice of the peace or upon a Court of Special Sessions held by him, of a crime committed beyond the county in which he resides. Wherever jurisdiction has been given beyond the county in which a court of limited jurisdiction is held, it has been by special enactment.

Our attention has been directed to the language of section 135 of the Code of Criminal Procedure, which reads as follows : " When a crime is committed on the boundary of two or more counties, or within five hundred yards thereof, the jurisdiction is in either county." This section is in substance like a provision contained in the Revised Statutes (2 R. S., 727), section 45. That provision of the Revised Statutes is found in article 2 under a heading of "Indictments and proceedings thereon." The language of that section differs somewhat from section 135 quoted from the Code of Criminal Procedure ; it is as follows, viz.: "Section 45. When an offense shall be committed on the boundary of two counties or within five hundred yards of such boundary, an indictment for the same may be found and a trial and a conviction thereon may be had in either of such counties." Under that section the indictment in

Otsego county in the case of the *People* v. *Davis* (56 N. Y., 95) charging the crime to have been committed in the town of Brookfield in Madison county, was upheld as good, because it also contained a charge that the crime was committed within 500 yards of the boundary line of Otsego county. By an inspection of the Code of Criminal Procedure we find section 135 as found in part 4, entitled, " Of the proceedings in criminal actions prosecuted by indictment." We think the caption found in the statute is to be taken into consideration in determining what signification should be given to the words found in section 135. We are of the opinion that the jurisdiction conferred over crimes committed on the boundary of a county and within 500 yards thereof is limited to courts proceeding by an indictment, and that section 135 does not confer jurisdiction upon Courts of Special Sessions or magistrates holding such courts.

Nothing to the contrary to what we have said was expressly held in the case of the *People* v. *Davis* (36 N. Y., 77). The proceedings in that case were by indictment and of course the grand jury had jurisdiction of that crime which was committed within 500 yards of the county line, and it was lawful to proceed by indictment for such an offense. Section 45, which we have already quoted, gives to the grand jury and the court the same jurisdiction as they would have had had the crime been perpetrated within the territorial limits of the county of Yates. We are of the opinion that the magistrate, and the Court of Special Sessions held by him, had no jurisdiction over a crime alleged to have been perpetrated in the town of Covert, in the county of Seneca.

It is suggested by the counsel for the appellant that the question of jurisdiction was waived because not taken when the defendant was first brought before the magistrate. An objection was distinctly taken that the court had no jurisdiction over the alleged offense. We are of the opinion that the objection was timely and that the Court of Special Sessions improperly overruled the objection, and that it was its duty to have dismissed the charge made against the defendant at that stage of the proceedings.

It may also be observed that the warrant does not in terms charge an offense to have been committed in the town of Ulysses or in the county of Tompkins. The language of the warrant was, viz. : " The

crime of selling strong and spirituous liquors, wine, ale, beer and cider within the jurisdiction of Tompkins county has been committed." The language is somewhat vague and indefinite, and a further inference from the literal reading of it might be that the crime was committed within the territorial limits of Tompkins county. If that be the proper rendering of the language the admissions of proof upon the trial clearly showed that the supposed offense was not committed within the territorial limits of Tompkins county, but was committed in the town of Covert in the county of Seneca. The justice overruled the objection and the defendant excepted.

We think the question of the want of jurisdiction in the magistrate or the Court of Special Sessions was raised timely, and was improperly disposed of by the trial court. For that error, we think there should be a reversal of the judgment of the Court of Sessions of Tompkins county and the court directed to give judgment for the defendant.

Judgment of the Court of Sessions of Tompkins county and of the Court of Special Sessions reversed, and the Court of Sessions directed to grant an order for judgment for the defendant.

BOARDMAN, J.:

I concur in the foregoing opinion. It seems to me doubtful whether a conviction could have been had in Seneca county while the license remained unrevoked, and if so that which was not a crime in Seneca county could not be punished as a crime in Tompkins county.

FOLLETT, J., concurred.

Judgment of the Court of Sessions of Tompkins county and of the Court of Special Sessions reversed, and the Court of Sessions directed to grant an order for judgment for the defendant.